IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: : | |
| EDGAR V. ALDANA : | Case No.   15-26402 |
| : | Judge:    Carol A. Doyle |
| Debtors. : | |

## OBJECTION TO CONFIRMATION

Now Comes, MB Financial Bank, NA hereinafter "Lender", secured creditor of EDGAR V. ALDANA, hereinafter "Debtor", and objects to the confirmation of Debtor's Chapter 13 Plan, and in support thereof alleges:

1. Lender is the holder of a Note secured by a mortgage on Debtors residence commonly known as 4642 W. Wrightwood, Chicago, IL 60639.   This loan was taken out in 2007.   The Debtor filed a Chapter 7 bankruptcy in 2008 and received his discharge in 2008 without a loan reaffirmation.

2. The Debtor filed this new Chapter 13 bankruptcy petition for relief on July 31, 2015.

3. After giving Debtors credit for all sums paid there remains due and owing the sum of $85,533.62 secured by the Debtors residence.   Attached hereto as Exhibit A is a true and correct copy of Lender's Proof of Claim and required Attachment A.

4. The Chapter 7 Discharge did not impair the mortgage lien in favor of MB Financial Bank, NA.  *Dewsnup v. Timm,* 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992).   The Supreme Court determined that there was no legislative intent to alter "the pre-Code rule that liens pass through bankruptcy unaffected." *Dewsnup,* 502 U.S. at 417, 112 S.Ct. at 778.   See also *Bank of America v Caulkett*, 135 S.Ct. 1995 (2015).

{00225261}                                                                 1

5. The Debtor correctly states that the claim of MB Financial, NA should be treated as unsecured on the basis that the value of the collateral is less than the debt owed to senior lien holders. See Par. 3.2 of Plan. However paragraph 1 of the "Special Terms" calls for no payment to be made to MB Financial Bank on account of its Proof of Claim because of the prior 2008 Discharge.

6. The effect of the 2008 Discharge did not eliminate the existence of the bank's claim which "passed through." The Discharge only prevented the creditor from seeking to collect any claim—secured or unsecured—as the *personal liability* of the debtor. The removal of *in personam* liability is the only effect of the 2008 Discharge.

7. Because the lien passed through the prior bankruptcy Discharge, the bank's mortgage lien is a claim which must be provided for in a subsequent Chapter 13 proceeding. "A mortgage lien securing an obligation for which a debtor's personal liability has been discharged in a Chapter 7 liquidation is a "claim" within the meaning of § 101(5) and is subject to inclusion in an approved Chapter 13 reorganization plan. Congress intended in § 101(5) to incorporate the broadest available definition of "claim," see *Pennsylvania Dept. of Public Welfare v. Davenport,* 495 U.S. 552, 110 S.Ct. 2126, 109 L.Ed.2d 588. As used in § 101(5), "right to payment" and "right to an equitable remedy" mean "nothing more nor less than an enforceable obligation." *Id.,* at 559, 110 S.Ct., at 2131. A surviving mortgage interest corresponds to an "enforceable obligation" of the debtor." *Johnson v. Home State Bank,* 501 U.S. 78, 78, 111 S. Ct. 2150, 2151, 115 L. Ed. 2d 66 (1991).

8. The current proposed Plan may not be confirmed until it provides for payment of the MB

{00225261}                                                          2

Financial Bank, NA claim.

9.      Confirmation of the current Plan will result in a modification of the amounts rightfully due MB Financial Bank, NA.

WHEREFORE, Lender prays that this Court enter an Order denying confirmation of the Debtors' Chapter 13 Plan and dismiss the Chapter 13 case.

                                        Respectfully submitted,

                                By:     /s/Raymond J. Ostler
                                        GOMBERG, SHARFMAN, GOLD AND
                                        OSTLER, P.C., on behalf of MB Financial
                                        Bank, NA

GOMBERG, SHARFMAN, GOLD AND OSTLER, P.C.
208 S. LaSalle Street, Suite 1410
Chicago, IL 60604-1003
(312) 332-6194
(312) 332-4083 fax