# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLIONIS, EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | NO. 15 B 26402 |
| EDGAR V. ALDANA ) | |
| ) | Chapter 13 |
| Debtor ) | |
| ) | |
| ) | |
| ) | Honorable Judge Carol A. Doyle |

**DEBTOR'S RESPONSE IN SUPPORT OF DEBTOR'S MOTION PURSUANT TO 11 U.S.C. § 506(a) AND BANKRUPTCY RULE 3012 TO DETERMINE THE VALUE OF 4642 W. WRIGHTWOOD AVENUE, CHICAGO, ILLINOIS 60639 AND AVOID THE LIEN OF MB FINANCIAL BANK, N.A.**

   **NOW COMES**, EDGAR ALDANA ("Debtor"), by and through his attorneys, Sulaiman Law Group, LTD., submitting this Response in Support of their Motion Pursuant to 11 U.S.C. §506(a) and Rule 3012 to Determine the Value of 4342 W. Wrightwood Avenue, Chicago, IL 60639 and Avoid the Lien of MB Financial Bank, N.A. and in support thereof, state as follows:

### FACTUAL BACKGROUND

   1. The instant bankruptcy proceeding was filed under Chapter 13 of the Bankruptcy Code on July 31, 2015.

   2. Previous to filing this instant proceeding, the Debtor had been granted a Chapter 7 discharge on July 15, 2008.

   3. The 341 Meeting of Creditors was held and concluded on September 3, 2015.

4. The primary motive of the filing of the instant case was to reinstate the first mortgage secured by the Debtor's homestead located at 4342 W. Wrightwood Avenue, Chicago, IL 60639 ("subject property").

5. The subject property is encumbered by two mortgage liens, Northern Trust N.A. holds the first mortgage lien and MB Financial Bank, N.A ("MB") hold the second mortgage lien.

6. On November 2, 2015, Debtor filed a Motion Pursuant to 11 U.S.C. §506(a) and Rule 3012 to Determine the Value of 4342 W. Wrightwood Avenue, Chicago, IL 60402 and Avoid the Lien of MB Financial Bank, N.A. ("Debtor's Motion"). *See* Docket Entry 20.

7. The motive of the Debtor's Motion was to have this Honorable Court determine that MB's second lien is fully unsecured and not supported by any collateral value.

8. MB filed its response to Debtor's Motion not contesting the value of the subject property and not objecting that the lien can be avoided but argues that MB should be allowed to file an unsecured claim to be paid in this Chapter 13 proceeding. *See* Docket Entry 23.

9. Debtor argues that MB does not have a unsecured claim by virtue of the Debtor's discharge in his Chapter 7 case.

**APPLICABLE STATUTES**

10. "An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under 552 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property….." 11 U.S.C. §506(a)(1).

11. "To the extent that lien secures a claim against the debtor that is not an allowed secured claim, such a lien is void…" 11 U.S.C. §506(d).

12. 1322(b)(2) authorizes a Chapter 13 plan to modify the rights of holders of *secured claims*, other than a claim secured only by the debtor's principal residence. 11 U.S.C. §1322(b)(2).

### QUESTION PRESENTED

13. Whether MB Financial Bank, NA has a claim that must be provided for in the Debtor's Chapter 13 Plan on account of its fully unsecured claim?

### SUPPORTING AUTHORITY

14. "In fact, the pro-lien stripping courts recognize that upon confirmation of a plan in a chapter 20 case, the holder of a wholly unsecured junior mortgage lien holds neither a secured claim—by virtue of the § 506 valuation—nor an unsecured claim enforceable against the debtor—by virtue of the prior discharge. Confirmation of the plan in such cases, instead, implements the debtor's right under § 1322(b)(2) to modify— *not the claim*—but the "rights" that the holder of the previously discharged claim has under applicable nonbankruptcy law." *In re Scantling*, 465 B.R. 671, 680 (Bankr.M.D.Fla 2012).

15. "Real Time's *in personam* rights and claims against the debtors were discharged in their prior Chapter 7 case. Those *in personam* rights and claims cannot now be resurrected and allowed as an unsecured claim in this case in contravention of that discharge simply because Real Time's *in rem* rights were stripped off in this case. As stated in *Scantling,* for purposes of this case Real Time is now left with neither *in personam* nor *in rem* rights against the debtors, and thus holds no allowable claim against the debtors or their property that would entitle it to receive distributions under the Chapter 13 plan in this case." *In re Sweitzer¸*476 B.R. 468, 473 (Bankr.M.D. 2012).

**ARGUMENT**

16. Given that the Debtor's personal liability on the MB debt had been extinguished by virtue of the Debtor's Chapter 7 discharge, MB does not have a unsecured claim against the Debtor.

17. By applications of 506(a) and the Court's ruling that MB's claim does not have any collateral value, MB does not have a secured claim.

18. Allowing MB an unsecured claim would effectively void the Debtor's previous Chapter 7 discharge and resurrect the Debtor's personal liability on the MB debt.

19. Such a result is absurd and would not carry out the Bankruptcy Code's goal in providing a fresh start to the honest but unfortunate debtor.

20. This Honorable Court should adopt the well-reasoned holdings in *Scantling* and *Sweitzer* and rule that MB does not have a unsecured claim against the Debtor nor a secured claim against the subject property and should not receive any distribution in the Debtor's Chapter 13 Plan.

**WHEREFORE**, Debtors pray this Honorable Court for the following relief:

A. Determining that MB Financial Bank, NA does not have a claim in the instant proceeding and shall not be paid by Debtor's Chapter 13 Plan; and
B. For such other and further relief this Court deems just and proper.

Dated: December 1, 2015

Respectfully Submitted,

/s/ Charles L. Magerski
Charles L. Magerski, Esq. #6297092
Counsel for Debtor
Sulaiman Law Group, LTD
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181
Fax: (630)575-8188